## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

WILLIAM G. MERRYMAN,

     Plaintiff,

v.                                                                  Case No. 3:25-cv-730-MMH-MCR

TOWN OF ORANGE PARK, et al.,

     Defendants.

_____/

## O R D E R

**THIS CAUSE** is before the Court on three responses that Plaintiff, William Merryman, filed in opposition to various Defendants' motions to dismiss. See Plaintiff's Opposition to Constangy Defendants' Motion to Dismiss (Doc. 38; Response to Constangy Motion), filed October 17, 2025; Plaintiff's Opposition to Defendants Neil Wasser and Cara Crotty's Motion to Dismiss (Doc. 39; Response to Wasser and Crotty's Motion), filed October 17, 2025; Plaintiff's Opposition to Town Defendants' Motion to Dismiss (Doc. 40; Response to Town Defendants' Motion), filed October 17, 2025. In each response, Plaintiff, in addition to asserting that Defendants' motions to dismiss are due to be denied, alternatively requests leave to amend his complaint in the event the Court finds that his allegations are inadequate. See Response to Constangy

Motion at 2, 9; Response to Wasser and Crotty's Motion at 9; Response to Town Defendants' Motion at 2, 17. As an initial matter, the Court notes that a request for affirmative relief, such as a request for leave to amend a pleading, is not properly made when simply included in a response to a motion. <u>See</u> Fed. R. Civ. P. 7(b); <u>see also</u> <u>Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty</u>, 48 F.4th 1222, 1236 (11th Cir. 2022) ("[W]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." (quoting <u>Newton v. Duke Energy Fla., LLC</u>, 895 F.3d 1270, 1277 (11th Cir. 2018))); <u>Rosenberg v. Gould</u>, 554 F.3d 962, 965 (11th Cir. 2009).

Moreover, even if it were proper to include these requests in the responses, the requests are otherwise due to be denied for failure to comply with Rules 3.01(a) and 3.01(g) of the Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)). Local Rule 3.01(a) requires a memorandum of legal authority in support of a request from the Court. <u>See</u> Local Rule 3.01(a). Local Rule 3.01(g) requires certification that the moving party has conferred with opposing counsel in a good faith effort to resolve the issue raised by the motion and advising the Court whether opposing counsel agrees to the relief requested. <u>See</u> Local Rule 3.01(g). In addition to these deficiencies under the Local Rules, the requests in the responses also fail to satisfy the requirement that "[a] motion for leave to amend should either set

forth the substance of the proposed amendment or attach a copy of the proposed amendment." <u>Long v. Satz</u>, 181 F.3d 1275, 1279 (11th Cir. 1999); <u>see also</u> <u>McGinley v. Fla. Dep't of Highway Safety and Motor Vehicles</u>, 438 F. App'x 754, 757 (11th Cir. 2011) (affirming denial of leave to amend where plaintiff did not set forth the substance of the proposed amendment); <u>U.S. ex rel. Atkins v.</u> <u>McInteer</u>, 470 F.3d 1350, 1361–62 (11th Cir. 2006) (same).[1] Thus, the Court will not entertain Plaintiff's requests for relief included in the responses. Plaintiff is advised that, if he wishes to pursue such relief, he is required to file an appropriate motion in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

*(remainder of page intentionally left blank)*

---

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. <u>See</u> <u>McNamara v. GEICO</u>, 30 F.4th 1055, 1060–61 (11th Cir. 2022); <u>see generally</u> Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

Accordingly, it is

**ORDERED**:

To the extent that Plaintiff requests affirmative relief from the Court, Plaintiff's Opposition to Constangy Defendants' Motion to Dismiss (Doc. 38), Plaintiff's Opposition to Defendants Neil Wasser and Cara Crotty's Motion to Dismiss (Doc. 39), and Plaintiff's Opposition to Town Defendants' Motion to Dismiss (Doc. 40) are **DENIED without prejudice**.

**DONE AND ORDERED** in Jacksonville, Florida, this 28th day of October, 2025.

**MARCIA MORALES HOWARD**
United States District Judge

lc33

Copies to:
Pro Se Party
Counsel of Record

4