UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM G. MERRYMAN,

Plaintiff,

v. Case No.: 3:25-cv-730-JEP-MCR

TOWN OF ORANGE PARK et al.,

Defendants.
_________________________________/

**ORDER**

**THIS CAUSE** is before this Court on Defendants' motions to dismiss Plaintiff's Complaint (Docs. 29, 30, 31, 60) and Plaintiff's responses in opposition (Docs. 38, 39, 40, 61). Three of the motions to dismiss argue, among other things, that the complaint is an impermissible shotgun pleading. (Doc. 29 at 8–13; Doc. 30 at 22–23; Doc. 31 at 11–12).

A pleading must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "The point is to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Harrison v. Benchmark Elecs. Huntsville, Inc.*, 593 F.3d 1206, 1214 (11th Cir. 2010) (quotation omitted). "The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading

constitutes a 'shotgun pleading.'" *Beckwith v. BellSouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005)[1] (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1129–30 (11th Cir. 2001)). "Shotgun pleadings impede the administration of the district courts' civil dockets in countless ways." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). As such, "[w]hen presented with a shotgun complaint, the district court should order repleading *sua sponte*." *Ferrell v. Durbin*, 311 F. App'x 253, 259 n.8 (11th Cir. 2009); *see also Johnson Enters. of Jack., Inc. v. FPL Grp.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (noting that shotgun pleadings drain judicial resources, and the district court should act *sua sponte* to define the issues at the earliest possible stage).

The Eleventh Circuit has identified shotgun pleadings as those that:

> (1) "contain[ ] multiple counts where each count adopts the allegations of all preceding counts"; (2) do not re-allege all the proceeding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) do not separate each cause of action or claim for relief into separate counts; or (4) in a multi-defendant action, contain counts that present a claim for relief without specifying which defendants the claim is brought against.

*Sahran v. Mia. Dade Coll.*, 800 F. App'x 769, 771 (11th Cir. 2020) (quoting

[1] This Court does not rely on unpublished Eleventh Circuit opinions as binding precedent; however, they may be cited in this Order when this Court finds them persuasive on a particular point. *See McNamara v. GEICO*, 30 F.4th 1055, 1060–61 (11th Cir. 2022); Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015)).

As an initial matter, the complaint—containing seventeen counts against nineteen defendants— contains legal citations throughout the counts, which "have no place in a complaint." *Moore v. McCalla Raymer, LLC*, 916 F. Supp. 2d 1332, 1342 (N.D. Ga. 2013); (*see* Doc. 1, ¶¶ 57, 71, 131, 138). A complaint should not include "scattered legal arguments, legal standards, legal conclusions," or "citations to legal authorities" in the factual allegations, *Arrington v. Green*, 757 F. App'x 796, 798 (11th Cir. 2018), and the counts should only specify the "source of law and/or . . . legal theory upon which [Plaintiffs assert] liability," *Gibbons v. McBride*, No. CV 114-056, 2014 WL 5460593, at *4 (S.D. Ga. Oct. 27, 2014).

Next, while Plaintiff does incorporate some factual allegations into each count, he does not follow the actual paragraph numbering. (*See e.g.*, Doc. 1, ¶ 72 (incorporating paragraphs 17–18 when actually referencing paragraphs 32–33), 125 (incorporating paragraphs 31–32 when actually referencing paragraphs 49–50)). This makes it extremely difficult to identify what factual allegations are incorporated into each count.[2] In addition, numerous factual allegations do not appear to be incorporated into any count, leaving their

---

[2] Plaintiff also appears to incorporate paragraphs from previous counts at some points. (*See, e.g.*, Doc. 1, ¶ 145).

relevance unclear. (*See e.g.*, *id.* ¶¶ 19–20, 24–31, 48, 52–54); *see also Green v. Intuit, Inc.*, No. 8:23-cv-1039-TPB, 2024 WL 621606, at *4 (M.D. Fla. Feb. 14, 2024) ("The complaint also fails to incorporate by reference into each count any relevant allegations from earlier in the complaint, leaving in question whether the general allegations contained [earlier in the pleading] bear any relation to the [counts].").

Furthermore, in Counts XIII, XIV-A, and XIV-B,[3] the complaint fails to separate different causes of action into separate counts. First, Count XIII asserts claims of "negligent hiring, supervision, and retention," (Doc. 1 at 40), which are "legally distinct claims requiring separate analyses," *Barmapov-Segev v. City of Miami*, No. 19-23742-Civ, 2019 WL 6170332, at *5 (S.D. Fla. Nov. 20, 2019) (quotation omitted). Next, Count XIV-A asserts a state-law invasion-of-privacy tort claim and what appears to be a separate breach-of-fiduciary-duty claim. (Doc. 1 at 42–44). Lastly, Count XIV-B asserts a "[c]onstructive discharge" claim, which Plaintiff argues is "cognizable under federal anti-retaliation statutes—including Title VII, the ADA, and the Florida Whistleblower Act." (*Id.* ¶ 150). Plaintiff may not rely on "multiple statutory bases" within a single cause of action. *Royal Palm Vill. Residents, Inc. v. Slider*,

[3] Plaintiff labels two counts as Count XIV, so this Court will refer to the first Count XIV, (Doc. 1, ¶¶ 143–48) as "Count XIV-A" and the second Count XIV, (*id.* ¶¶ 149–54), as "Count XIV-B."

No. 8:19-cv-874-T, 2019 WL 13191348, at *3 (M.D. Fla. June 19, 2019); *see also Isaias v. Martin County*, No. 2:18-CV-14171, 2018 WL 8660342, at *3–4 (S.D. Fla. July 17, 2018) (dismissing complaint as shotgun pleading for combining Americans with Disabilities Act and Florida Civil Rights Act disability-discriminations claims into the same counts, even when both claims are "analyzed pursuant to the same framework").

Finally, the complaint also falls into the fourth category of shotgun pleadings. While Plaintiff attempts to identify the Defendants against whom each count is brought, the Defendants listed at the beginning of each count do not match the Defendants listed in Plaintiff's "Defendant Count Index." (Doc. 1 at 8–9). Thus, the complaint fails to give Defendants notice as to whether it actually brings certain counts against them or not. *Compare* (*id.* at 8 (alleging that Counts XV and "XVII,"[4] but not Counts XIV or XVI, are brought against Defendant Whitson)), *with* (*id.* at 42–48 (bringing Counts XIV-A, XIV-B, and XVI against Defendant Whitson, but not Count XV)). Plaintiff also brings claims against Daniel Bean and Dian Suhm without naming them as defendants. *Compare* (*id.* at 1), *with* (*id.*, ¶¶ 103, 122, 129).

In sum, the complaint is a far cry from "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2),

[4] Plaintiff's complaint does not include a Count XVII. (*See generally* Doc. 1).

and deprives Defendants of adequate notice of the allegations against them, *see Harrison*, 593 F.3d at 1214. Accordingly, this Court will dismiss the complaint without prejudice. Plaintiff shall file an amended complaint, but he is cautioned that failure to correct these deficiencies may result in dismissal of this action.[5] Until the pleading deficiencies are resolved, this Court declines to rule on Defendants' other arguments.

In light of the foregoing, it is **ORDERED**:

1. Defendants Constangy, Brooks, Smith & Prophete, LLP, Colin Thakkar, and Margaret Zabijaka's Motion to Dismiss (Doc. 29) is **GRANTED IN PART** as set forth in this Order and **DENIED WITHOUT PREJUDICE** in all other respects.

2. Defendants Neil Wasser and Cara Crotty's Motion to Dismiss (Doc. 30) is **GRANTED IN PART** as set forth in this Order and **DENIED WITHOUT PREJUDICE** in all other respects.

3. Defendants Town of Orange Park, William Whitson, Randy Anderson, Winnette Sandlin, Glenn Taylor, Doug Benefield, Ken Vogel, Smith

[5] The Jacksonville Federal Court Bar Association operates a Legal Information Program. Through that program, pro se litigants may meet with a lawyer for free to ask general questions about procedures governing cases in federal court. Virtual, telephonic, and in-person appointments are available every Tuesday. To request an appointment, pro se litigants may call the Clerk's Office at (904) 549-1900 or visit the Clerk's Office check-in window. The Clerk's Office is located on the Ninth Floor of the Bryan Simpson United States Courthouse, 300 N. Hogan Street, Jacksonville, Florida 32202. A brochure with more information about the program is available on the Court's website, www.flmd.uscourts.gov/legal-information-program.

Gambrell & Russell, LLP, Lawsikia Hodges, and Yash Dave's Motion to Dismiss (Doc. 31) is **GRANTED IN PART** as set forth in this Order and **DENIED WITHOUT PREJUDICE** in all other respects.

4. Defendants The Florida Bar, Roland Sanchez-Medina, Jr., Rosalyn Sia Baker-Barnes, and Joshua Doyle's Motion to Dismiss (Doc. 60) is **DENIED WITHOUT PREJUDICE**.

5. Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

6. On or before **July 29, 2026**, Plaintiff shall file an amended complaint in compliance with this Order and all Local Rules and Federal Rules of Civil Procedure. Failure to do so may result in dismissal of this action without further notice.

**DONE** and **ORDERED** in Jacksonville, Florida on July 15, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Copies:
*Pro Se* Party
Counsel of Record